# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DAWN MINTUN,<br>      Plaintiff(s),<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>      Defendant(s). | Case No.: 2:19-cv-00033-JAD-NJK<br><br>**Order**<br><br>[Docket Nos. 30, 40] |

Pending before the Court is Defendant Experian Information Solution's motion to stay discovery pending resolution of its motion to dismiss. Docket No. 30. The Court has considered Defendant's motion, Plaintiff's response, and Defendant's reply. Docket Nos. 30, 32, 36. Also pending before the Court is Defendant's motion for a protective order. Docket No. 40. The Court has considered Defendant's motion, Plaintiff's response and Defendant's reply. Docket Nos. 40, 41, 43. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

**I.  Background**

Plaintiff brought this action on January 4, 2019, and filed an amended complaint on March 12, 2019. Docket Nos. 1, 19. Plaintiff alleges numerous violations of the Fair Credit Reporting Act ("FCRA") and the Nevada Revised Statues concerning Plaintiff's credit information and her Chapter 13 Bankruptcy proceeding. Docket No. 19 at 3-33. Specifically, Plaintiff alleges that Defendant violated Section 1681g(a)(1) of the FCRA as well as NRS Sections 41.60 and 598 in (1) misrepresenting the ways in which consumer disclosures are used; (2) misrepresenting that

1

reported addresses would not be used as a factor in a credit score; and (3) violated FRCA Section 1681g(a)(2) when it failed to properly disclose the source of the names it reported. *Id*. at 10-33.

**II.  Analysis**

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013); *see also Tradebay*, 278 F.R.D. at 603.

*I.  Potentially Dispositive Motion*

Defendant submits that its pending motion to dismiss potentially disposes of all of Plaintiff's claims. Docket No. 30 at 7-9. In response, Plaintiff concedes that the motion to dismiss "arguably addresses all of Plaintiff's pending claims." Docket No. 32 at 11.

Accordingly, the Court finds that Defendant's motion to dismiss Plaintiff's complaint is potentially dispositive of the instant case.

*II.  Need for Additional Discovery*

Defendant submits that its pending motion to dismiss does not require any discovery to be resolved. Docket No. 30 at 9-10. Defendant submits that its motion to dismiss argues that Plaintiff fails to state a claim under Rule 8 and that the court lacks jurisdiction because Plaintiff fails to allege any injury sufficient for Article III standing; therefore, discovery is unnecessary to the resolution of its motion to dismiss. *Id*. at 6-7.

In response, Plaintiff submits that discovery is required on her claims. Docket No. 32 at 11. Plaintiff submits that the nuances of Defendant's reinvestigation of her disputes are unknown,

but that this evidence is routinely explored in discovery and requires Defendant to turn over information. *Id*. Plaintiff further submits that discovery is required because Defendant routinely produces policy documents in discovery which explain how it processes consumer disputes, but that it has been concealing additional, critical policy documents for years. *Id*. Plaintiff submits that discovery is relevant to her disclosure and reinvestigation claims, especially on credit information and credit scoring. *Id*. at 11-12.

In reply, Defendant submits that discovery is neither appropriate nor necessary to decide the motion to dismiss. Docket No. 36 at 5. Defendant submits that Plaintiff insists on discovery to support her claims, but that the question before the court is whether discovery is necessary to resolve the pending motion to dismiss. *Id*. Defendant submits that Plaintiff fails to provide a basis for discovery in the amended complaint and has no factual basis to challenge its reinvestigation procedures. *Id*. at 5-6. Defendant further submits that Plaintiff fails to allege any facts showing an injury sufficient for Article III standing. *Id*.

The Court has reviewed all briefing on Defendant's motion to dismiss. The Court finds that, while discovery is necessary to resolve the claims themselves, discovery is not necessary to resolve Defendant's motion to dismiss.

### III. *Preliminary Peek*

Finally, the Court has taken a "preliminary peek" at the briefing on Defendant's motion to dismiss.[1] Docket Nos. 26, 31, 42. Having done so, the Court is convinced that Plaintiff will be unable to state a claim for relief. *See Tradebay*, 278 F.R.D. at 603.

### **III. Conclusion**

Accordingly, the Court **GRANTS** Defendant's motion to stay discovery. Docket No. 30. Discovery between Plaintiff and Defendant Experian is stayed pending the resolution of Defendant

---

[1] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudge its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the motion to dismiss and subsequent briefing.

Experian's pending motion to dismiss.  In the event resolution of the motion to dismiss does not result in the termination of this case, the parties shall file a joint proposed discovery plan and scheduling order within seven days of the issuance of the order resolving that motion.  In light of the above, the Court **DENIES** Defendant's motion for a protective order as moot.  Docket No. 40.

IT IS SO ORDERED.

Dated: May 15, 2019

_____
Nancy J. Koppe
United States Magistrate Judge