Cheryl L. O'Connor
Nevada Bar No. 14745
coconnor@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612.4408
Telephone:    (949) 851-3939
Facsimile:      (949) 553-7539

Jennifer L. Braster
Nevada Bar No. 9982
Andrew J. Sharples
Nevada Bar No. 12866
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, NV  89145
Telephone:  (702) 420-7000
Facsimile:  (702) 420-7001
jbraster@nblawnv.com
asharples@nblawnv.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAWN MINTUN,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>DAWN MINTUN,<br><br>Counterclaimant/Defendant. | Case No. 2:19-cv-00033-JAD-NJK<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO REDACT AND SEAL ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint filed:  January 4, 2019<br>First Amended Complaint filed:  March 12, 2019<br>Second Amended Complaint filed:  May 4, 2020<br>Counterclaim filed: May 18, 2020 |

Pursuant to Local Rule 10-5 and the Stipulated Protective Order (ECF No. 37), Defendant Experian Information Solutions, Inc. ("Experian") files its Motion to Redact and Seal its Motion for Summary Judgment (the "Motion").  The Motion is based on the following Memorandum of Points and Authorities, all of the pleadings and other papers on file in this action, and upon such other and further evidence or argument that the Court may consider.

**Memorandum of Points and Authorities**

On April 11, 2019, the Court entered a Protective Order in this action pursuant to a stipulation between Dawn Mintun ("Plaintiff") and Defendant Experian Information Solutions, Inc., among other defendants ("Experian").  (ECF No. 37.)  In entering the Protective Order, the Court issued its own order regarding sealing.  (*Id.*)  The Court's order sets forth the following procedure for filing documents under seal:

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

(ECF No. 38 at 2:12-16.)

With its Motion for Summary Judgment, Experian is filing under seal the following documents:

- Exhibit A – June 28, 2017, Settlement Agreement
- Exhibit B – September 23, 2016, Reinvestigation Results
- Exhibit G – November 15, 2018, Dispute Letter

Exhibit A is being filed under seal as the Settlement Agreement contains a confidentiality provision. (*See* Exhibit A to Motion for Summary Judgment at ¶ 9, being filed concurrently herewith).  As such, out of an abundance of caution, Experian is filing the Settlement Agreement under seal. Likewise, Experian has redacted in the public version of its Motion for Summary Judgment any quotations from the Settlement Agreement.

Exhibits B and G have been designated by Plaintiff as "Confidential" and as such, Experian is filing each under seal. Pursuant to the Court's order, Plaintiff shall have seven days to either file a declaration establishing the justification for sealing or a notice of withdrawal of the designation and consent to unsealing. (ECR No. 38).

While there is a strong presumption of public access to judicial records, leave to file under seal should be granted where "'compelling reasons' . . . outweigh the public's interest in disclosure," including where "'court files might . . . become a vehicle for improper purposes,' such as the . . . release of trade secrets." *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) (ruling district court erred in refusing to seal documents concerning proprietary information when applying Ninth Circuit law regarding competitive harm to business and the definition of "trade secret"). Protection for confidential material should be effectuated through redaction to the extent any confidential information can be easily redacted while leaving meaningful information available to the public. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011).

In *Kamakana*, the Ninth Circuit also made a distinction between documents attached to dispositive motions and documents attached to non-dispositive motions. Specifically, a party seeking to seal documents attached to dispositive motions – as is the case with Experian's Motion for Summary Judgment – a party must demonstrate "compelling reasons" for the sealing under FRCP 26(c). *Kamakana*, 447 F.3d at 1180.

Experian takes no position as to whether there are compelling reasons for the sealing of the foregoing documents Plaintiff has designated as confidential.

DATED this 24th day of May 2021.

NAYLOR & BRASTER

By: */s/ Jennifer L. Braster*
Jennifer L. Braster
Nevada Bar No. 9982
Andrew J. Sharples
Nevada Bar No. 12866
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145

Cheryl L. O'Connor
Nevada Bar No. 14745
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612.4408

*Attorneys for Defendant Experian*
*Information Solutions, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee of NAYLOR & BRASTER and that on this <u>24th</u> day of May 2021, I caused the document **DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO REDACT AND SEAL ITS MOTION FOR SUMMARY JUDGMENT** to be served through the Court's CM/ECF system to those persons designated by the parties as receiving service.


/s/ Jennifer L. Braster
An Employee of NAYLOR & BRASTER